IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ROBERT HAMPTON                                                                                    PLAINTIFF

v.                                        Cause No. 1:12-cv-01117

JOHNNIE GLENN MILLER                                                                         DEFENDANT

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

On December 10, 2012, Plaintiff filed his original *pro se* Complaint. ECF No. 1. Plaintiff also filed a Motion to Proceed *in forma pauperis* and Motion for Emergency Temporary restraining Order. ECF Nos. 2, 3. These motions were referred to this Court by the Honorable Susan O. Hickey pursuant to 28 U.S.C. § 636(b)(1). This Court having reviewed the Complaint and pending Motions, makes the following Report and Recommendation.

**1. Background**

Robert Hampton ("Plaintiff") filed his Complaint on December 10, 2012. ECF No. 1. He proceeds *pro se* and *in forma pauperis*. The Complaint was provisionally filed prior to a determination regarding service of process. ECF No. 5. On December 13, 2012, Plaintiff was ordered to complete an addendum to his complaint in order to assist the court in making the determination of whether the complaint should be served on the Defendant. ECF No. 6. Plaintiff's Addendum was filed on December 18, 2012. ECF No. 7.

Plaintiff alleges Defendant "concocted a series of lies that resulted in the plaintiff being arrested." ECF No. 1, Pg. 1. Plaintiff also alleges Defendant caused him property damage of $204.95. ECF No. 1, Pg. 3. Plaintiff alleges causes of action based on (1) Violation of his

Constitutional right by depriving him of his liberty, (2) Malicious Prosecution, (3) Intentional Infliction of Emotional Distress, (4) Harassment, and (5) Damage to reputation and standing in the community. *Id.*

According to Plaintiff's Addendum, he and Defendant are both residents of the State of Arkansas. Further, Plaintiff alleges Defendant is being sued for his individual actions and not on behalf of any governmental entity. Finally, Plaintiff alleges his "deprivation of constitutional rights" were based on a violation of his "4th Amendment rights against search and seizure...in addition to 8th Amendment" ECF. No. 7.

**2. Discussion**

Federal district courts are courts of limited jurisdiction. Parties seeking to invoke that jurisdiction over a cause of action must show that the underlying claim is based upon either diversity jurisdiction or the existence of a federal question (i.e. "a civil action arising under the Constitution, laws, or treaties of the United States"). *See* 28 U.S.C. §§ 1331–1332.

Pursuant to Federal Rule of Civil Procedure 12(h)(3), a federal court must dismiss a lawsuit where it has no subject matter jurisdiction. A federal court has the responsibility to ensure it has subject matter jurisdiction. *See State of Mo. ex rel. Mo. Highway and Transp. Com'n v. Cuffley,* 112 F.3d 1332, 1334 (8th Cir. 1997) (holding that "subject-matter jurisdiction cannot be waived, and it is our duty to raise the issue sua sponte").

Federal district courts have original jurisdiction of civil actions where complete diversity of citizenship and an amount in excess of $75,000 (exclusive of interest and costs) in controversy exist. *See* 28 U.S.C. § 1332. Plaintiff's Complaint does not support diversity jurisdiction, as the

Addendum (ECF No. 7) sets forth that both Plaintiff and Defendant are residents of the State of Arkansas.

Federal district courts also "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. As previously stated, Plaintiff alleges his "deprivation of constitutional rights" were based on a violation of his "4th Amendment rights against search and seizure...in addition to 8th Amendment". ECF. No. 7. Plaintiff, however, cannot maintain a cause of action for alleged violations of his rights under these constitutional amendments because Defendant is a private party, rather than a governmental actor.

A Fourth Amendment seizure "occurs only when government actors have, by means of physical force or show of authority, ... in some way restrained the liberty of a citizen." *Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989). The Fourth Amendment only protects against governmental action, not private action. *United States v. Jacobsen*, 466 U.S. 109, 114 (1984). Moreover, the Eighth Amendment is simply not applicable to this case. The Eighth Amendment applies to direct action by the government to inflict criminal punishment. *Ingraham v. Wright*, 430 U.S. 651, 667–68. (1977).

### 3. Conclusion

For the reasons stated, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED**. Further, I recommend Plaintiff's Motion for Service (ECF No. 2) and Plaintiff's Motion for Emergency Temporary Restraining Order (ECF No. 3) be **DENIED**.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 11th day of April, 2013.

<pre>                                              /s/ Barry A. Bryant
                                              HON. BARRY A.  BRYANT
                                              U.S.  MAGISTRATE JUDGE</pre>